UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ROBERT W. ODELL, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) No.1:22-cv-12290-TLL-PTM |
| | ) |
| v. | ) Hon. Thomas L. Ludington |
| | ) |
| KALITTA AIR, LLC, AND | ) Magistrate Patricia T. Morris |
| CONRAD ("CONNIE") KALITTA, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CONRAD ("CONNIE") KALITTA'S
RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Defendant, CONRAD ("CONNIE") KALITTA, by and through his attorneys, KELSEY LAW GROUP and FITZPATRICK & HUNT, PAGANO, AUBERT LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for his Motion to Dismiss, states as follows:

1. On September 27, 2022, Plaintiff filed the present Class Action Complaint, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), naming Plaintiffs' current or former employer, Kalitta Air, LLC ("Kalitta Air"), and Kalitta Air's alleged owner, Conrad "Connie" Kalitta ("Mr. Kalitta"), as defendants.

2. As set forth in further detail in Defendant's Brief in Support of this Motion filed contemporaneously herewith, Plaintiff's Complaint fails to state a

claim upon which relief can be granted because individuals who are not otherwise considered "employers" cannot be held liable under Title VII or the ADA, and Mr. Kalitta was not, and is not, any Plaintiffs' "employer."

3. Pursuant to Local Rule 7.1(a), counsel for Mr. Kalitta sought concurrence from Plaintiff's counsel as to the requested relief and legal basis of the instant motion. Concurrence was denied.

WHEREFORE, for the reasons set forth in Defendant Conrad "Connie" Kalitta's Brief in Support of this Motion filed contemporaneously herewith, Mr. Kalitta respectfully requests that this Court enter an order dismissing Plaintiff's Complaint against him and for any further relief this Court deems just and equitable.

December 2, 2022

Respectfully Submitted,
**CONRAD "CONNIE" KALITTA**

By: s/ Nicholas C. Bart
Nicholas C. Bart

Nicholas C. Bart
nick.bart@fitzhunt.com
Mark S. Susina
mark.susina@fitzhunt.com
**FITZPATRICK & HUNT, PAGANO, AUBERT, LLP**
10 South LaSalle Street
Suite 3400
Chicago IL 60603
Tel: (312) 728-4908
Fax: (312) 728-4950

-and-

George W. Kelsey
gkelsey@kelseylaw.com
Karen L. Girard
kgirard@kelseylaw.com
**KELSEY LAW GROUP, P.C.**
49710 Tyler Road Extension
Willow Run Airport
Belleville, Michigan 48111
(734) 973-1222

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT W. ODELL, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) No.1:22-cv-12290-TLL-PTM |
| | ) |
| v. | ) Hon. Thomas L. Ludington |
| | ) |
| KALITTA AIR, LLC, AND | ) Magistrate Patricia T. Morris |
| CONRAD ("CONNIE") KALITTA, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT CONRAD ("CONNIE") KALITTA'S
### MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

NOW COMES the Defendant, CONRAD ("CONNIE") KALITTA, by and through his attorneys, KELSEY LAW GROUP and FITZPATRICK & HUNT, PAGANO, AUBERT LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for his Memorandum in Support of his Motion to Dismiss, states as follows:

### ISSUE PRESENTED

Whether Defendant Conrad "Connie" Kalitta is considered the Plaintiffs' employer for purposes of their claims under Title VII or the ADA such that he can be held liable in his individual capacity.

4

## MOST CONTROLLING AUTHORITY

- *Wathen v. GE*, 115 F.3d 400 (6th Cir. 1997) (holding that an individual employee or supervisor who does not otherwise qualify as an "employer" may not be personally liable under Title VII)

- *Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793 (E.D. Mich. 2013) (holding that individuals could not be held liable for Title VII claims merely because of their status as "owners" or "agents" of plaintiff's employer)

- *Satterfield v. Tennessee*, 295 F.3d 611 (6th Cir. 2002) (holding that individuals who do not qualify as "employers" under Title I of the ADA may not be held personally liable in ADA cases)

## I. INTRODUCTION

On September 27, 2022, Plaintiff filed the present Class Action Complaint, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), naming both Kalitta Air, LLC ("Kalitta Air") and Conrad "Connie" Kalitta ("Mr. Kalitta") as defendants. Plaintiffs filed the present complaint to remedy Kalitta Air's alleged pattern of discrimination against its employees. More specifically, Plaintiffs claim that they were entitled to religious and/or medical accommodations from Kalitta Air's mandate that employees receive the COVID-19 vaccine, and that Kalitta Air retaliated against those employees who made requests for such accommodations. All of the Plaintiffs in the present case are either present or former employees of Kalitta Air.

Mr. Kalitta is not and was not the Plaintiffs' "employer" as defined by Title VII and the ADA merely because he has an alleged ownership interest in Kalitta Air, and Plaintiffs' Complaint makes no allegations otherwise. Because only "employers" are subject to liability under Title VII and the ADA, Mr. Kalitta cannot be liable under either statute in his individual capacity and should be dismissed from this case.

## II. RELEVANT FACTS

1. Kalitta Air is a Michigan Limited Liability Corporation based in Ypsilanti, Michigan that provides on-demand cargo transportation services

throughout the word. [Dkt. #1, Complaint at ¶ 44]. It also runs a maintenance, repair, and overhaul facility at the Oscoda-Wurtsmith Airport in Iosco County, Michigan. *Id.*

2. Plaintiffs allege that Defendant Conrad "Connie" Kalitta ("Mr. Kalitta") is the "sole owner" and Chief Executive Officer of Kalitta Air. *Id.* at ¶ 45. Although Mr. Kalitta is not the "sole owner" of Kalitta Air, that allegation is not germane to the determination of this motion.

3. Plaintiffs' Complaint includes five counts, alleging violations of Title VII and the ADA. All of the counts include allegations of discriminatory acts and omissions of Kalitta Air that violated the statutes; they do not include any allegations that Mr. Kalitta engaged in any discriminatory actions. *See Id.* at ¶¶ 272-318. Rather, Plaintiffs merely refer to the discriminatory conduct of "Kalitta," which is defined in the Complaint as "Kalitta Air, LLC." *Id.* at ¶ 1.

4. On October 11, 2021, Kalitta Air announced that all employees would be required to have a COVID-19 vaccine. *Id.* at ¶ 57. Plaintiffs fashion the Complaint as a proposed class action, "brought to remedy Kalitta [Air]'s pattern of discrimination against employees entitled to religious and/or medical accommodations from Kalitta [Air]'s mandate that its employees receive the COVID-19 vaccine, as well as Kalitta [Air]'s retaliation against those who made requests for accommodations." Dkt. #1, Complaint at ¶ 2.

7

5. Plaintiffs allege that Kalitta Air's "sole owner, Conrad Kalitta, repeatedly informed employees that *he* had made the difficult decision" to require employees be vaccinated against the COVID-19 virus "because the government had forced his hand" through an Executive Order issued by President Biden. Dkt. #1, Complaint at ¶ 11. Plaintiffs also claim that on October 15, 2021, employees received a memo from Mr. Kalitta "indicating that he had consulted with legal firms, White House officials, and lobbyists from Washington DC. He had been told that Kalitta would risk loss of federal contracts if it did not reach a 100% employee vaccination rate and so he was forced to make the decision to force absolute compliance." *Id.* at ¶ 63.

6. There are no allegations that Mr. Kalitta personally employed the Plaintiffs. Rather, the Complaint alleges that all Plaintiffs are or were employees of Kalitta Air. *Id.* at ¶¶ 33-43.

7. Plaintiffs do not seek any remedy from Mr. Kalitta specifically in their Prayer for Relief, only referencing "Kalitta," which is defined elsewhere in the Complaint as "Kalitta Air, LLC." *Id.* at ¶ 1, pp. 97-98.

### IV. LEGAL AUTHORITY

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate where a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot

establish any set of facts that would entitle him or her to relief sought. *See Lipiec v. United States,* 2015 U.S. Dist. Lexis 107593, *5 (E.D. Mich. 2015). In ruling on such a motion, the court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Id.* at *6.

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Jensen v. Delta Air Lines, Inc.*, No. 17-cv-13487, 2018 U.S. Dist. LEXIS 78870, at *4 (E.D. Mich. May 10, 2018) (quoting *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016)). A claim must be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Id.* (quoting *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

## V. ARGUMENT

Mr. Kalitta's argument is straightforward. Even if Mr. Kalitta is the owner and CEO of Defendant Kalitta Air as Plaintiffs allege, he is not Plaintiffs' "employer" under Title VII or the ADA. Because liability can only attach to "employers," Plaintiffs have failed to state a claim against Mr. Kalitta and he must be dismissed.

### A. Title VII Does Not Impose Liability on Individuals Who do not Qualify as "Employers."

Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer to discriminate against an individual because of that individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). "A person aggrieved by such discrimination may bring a civil action against the 'employer.'" *Wathen v. GE*, 115 F.3d 400, 405 (6th Cir. 1997). An "employer" is defined under Title VII as a "person engaged in an industry effecting commerce who has fifteen or more employee for each working day in each twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . ." *See* 42 U.S.C. § 2000e-2(b). As to Mr. Kalitta, the issue is thus whether he can be considered an "employer" such that he is subject to liability under Title VII. Precedent clearly establishes that he is not.

Each Plaintiff alleges that they are or were employees of Kalitta Air. Dkt. #1, Complaint at ¶¶ 33-43. There are no allegations that Mr. Kalitta was their employer. Rather, Plaintiffs allege that Mr. Kalitta is the "sole owner and Chief Executive Officer" of Kalitta Air who "repeatedly informed employees that *he* had made the difficult decision because the government contracts at issue forced his hand and that those contracts did not allow exceptions." *Id.* at ¶¶ 1, 11. Mr. Kalitta is also not referenced in the individual counts or prayer for relief. *Id.* at Counts I-V, ¶¶ 272-318, Prayer for Relief, pg. 97(a)-(i).

The Sixth Circuit holds that an individual employee or supervisor who does not otherwise qualify as an "employer" may not be personally liable under Title VII. *See Walthen*, 115 F.3d at 405. In *Walthen,* the plaintiff asserted claims under Title VII alleging sexual harassment against both her employer, as well as three former co-employees involved in the alleged harassment. *Id.* at 403. In granting summary judgment in favor of the individual employees, the District Court reasoned that individual liability is inconsistent with both the original remedial provision of Title VII, which provided for reinstatement and back pay, and with the 1991 amendments, which added monetary damages with limits depending upon employer size. *Id.* at 403-04.

On appeal, the Sixth Circuit noted that "a majority of our sister circuits" and a majority of District Courts within the Sixth Circuit held that an employee or supervisor who does not otherwise qualify as an employer cannot be held individually liable under Title VII and "similar statutory schemes." *Id.* Notably, the Sixth Circuit also rejected the plaintiff's argument that the plain meaning of the statute allowed for plaintiff proceed against the defendants in their personal capacities because they were "agents" of the employer. *Id.* at 405. Although the court recognized that the narrow, literal reading of the statute does imply that an employer's agent is a statutory employer for purposes of liability, the "narrow and literal reading of the statute will produce a result clearly at odds with the express

11

intent of Congress." *Id.* The statutory and remedial provisions of Title VII "did not intend to provide for individual employee/supervisor liability under Title VII." *Id.*; s*ee also Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001) ("The law in this Circuit is clear that a supervisor who does not otherwise qualify as an employer cannot be held personally and individually liable under Title VII."); *Hamood v. Trinty Health Corp.*, 2021 U.S. Dist. LEXIS 34902, *9 (E.D. Mich. 2021) ("In the rare instances an individual can be liable under Title VII, the individual must qualify as the employer."). Thus, since Kalitta Air is Plaintiffs' "employer," Mr. Kalitta is not an individual subject to liability under Title VII.

To be clear, Mr. Kalitta's ownership interest in Plaintiffs' employer, Kalitta Air, does not change this analysis. In *Harris*, the plaintiff brought suit pursuant to Title VII against her employer, Heritage, and its two co-owners, Mr. Ogunleye and Mr. Bamishe. *Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793, 796 (E.D. Mich. 2013). In response to a motion for summary judgment, plaintiff argued that Mr. Ogunleye and Mr. Bamishe "should be considered employers for purposes of Title VII liability because they have an ownership interest in Defendant Heritage and acted as 'agents' of Defendant Heritage by exercising significant control over the conditions of Plaintiff's employment." *Id.* at 799. Citing to *Walthen* and other Sixth Circuit precedent, the court rejected that Mr. Ogunleye and Mr. Bamishe could be held liable as individuals under Title VII "based upon their alleged status as

'owners' and 'agents' of Defendant Heritage." *Id.* at 800. Thus, Plaintiffs in the instant matter cannot state a claim against Mr. Kalitta merely because of his ownership interest in Plaintiffs' actual employer, Kalitta Air, and he must be dismissed from the litigation.

### B. The ADA Follows Title VII in Defining "Employer" and Similarly Does Not Provide for Individual Liability Against Mr. Kalitta.

The foregoing analysis as to the Title VII claims applies equally to the ADA claims. Under the ADA, "employers" are defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person…" 42 U.S.C.S. § 12111(5)(A). This is applied in the same way as the "employer" definition under Title VII. As the *Walthen* court noted, "Title VII…, and the ADA are essentially the same in aspects relevant to this issue; they limit liability to the employer and use the term 'agent' in defining employer." *Walthen*, 115 F.3d at 404 n. 6. Because Title VII and the ADA define "employer" in "essentially the same way," reliance on case law under Title VII and the ADA is appropriate. *Id.* Thus, the *Walthen* Court's analysis discussed above is applicable to Plaintiffs' ADA claim here.

Moreover, courts have reached the same conclusion as the *Walthen* Court in addressing ADA claims specifically, holding that "individuals who do not qualify as "employers" under Title I of the ADA may not be held personally liable in ADA

13

cases." *Satterfield v. Tennessee*, 295 F.3d 611, 616 n.4 (6th Cir. 2002); *see also Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases. Thus…, the claims against [defendant] in his individual capacity should be dismissed."); *Alfonski v. M&O Marketing*, 218 F.Supp. 3d 547 (E.D. Mich. 2016) (rejecting the imposition of liability on an individual employee in ADA action, "because the employer and only the employer can be responsible for any relief the employee obtains"). Thus, Plaintiffs' ADA claims against Mr. Kalitta in his individual capacity must also be dismissed.

## V. CONCLUSION

Because Plaintiffs cannot cite any factual or legal argument for holding Mr. Kalitta personally liable, their Complaint against Conrad "Connie" Kalitta must be dismissed in its entirety.

WHEREFORE, for the reasons stated above, Defendant Conrad "Connie" Kalitta respectfully requests that this Court enter an order dismissing Plaintiff's Complaint against him and for any further relief this Court deems just and equitable.

December 2, 2022                                             Respectfully Submitted,

                                                       **CONRAD "CONNIE" KALITTA**

                                    By:  s/ Nicholas C. Bart
                                           Nicholas C. Bart

Nicholas C. Bart
nick.bart@fitzhunt.com
Mark S. Susina
mark.susina@fitzhunt.com
**FITZPATRICK & HUNT, PAGANO, AUBERT, LLP**
10 South LaSalle Street
Suite 3400
Chicago IL 60603
Tel: (312) 728-4908
Fax: (312) 728-4950

-and-

George W. Kelsey
gkelsey@kelseylaw.com
Karen L. Girard
kgirard@kelseylaw.com
**KELSEY LAW GROUP, P.C.**
49710 Tyler Road Extension
Willow Run Airport
Belleville, Michigan 48111
(734) 973-1222

15

# CERTIFICATE OF SERVICE

I, Nicholas C. Bart, certify that on December 2, 2022, I electronically filed the foregoing ***RULE 12(b)(6) MOTION TO DISMISS DEFENDANT CONRAD "CONNIE" KALITTA and BRIEF in SUPPORT THEREOF*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of December 2022.

        s/ Nicholas C. Bart
        **FITZPATRICK & HUNT, PAGANO, AUBERT LLP**
        10 South LaSalle St., Suite 3400
        Chicago, IL 60603
        nick.bart@fitzhunt.com
        (312)728-4901
        State Bar No. 6257719 (IL)

George W. Kelsey
gkelsey@kelseylaw.com
Karen L. Girard
kgirard@kelseylaw.com
**KELSEY LAW GROUP, P.C.**
49710 Tyler Road Extension
Willow Run Airport
Belleville, Michigan 48111
(734) 973-1222