## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ROBERT W. ODELL, JR.,
et al.,

      *Plaintiffs,*

                              CASE NO. 1:22-cv-12290

*v.*

                              District Judge Thomas L. Ludington
KALITTA AIR, LLC, and         Magistrate Judge Patricia T. Morris
CONRAD ("CONNIE")
KALITTA,

      *Defendants.*

                               /

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 17)

### I.    RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendant Conrad Kalitta's motion to dismiss (ECF No. 17) **IN PART**.

### II.    REPORT

#### A.    Background

Conrad Kalitta is the sole owner and CEO of Kalitta Air, an airline headquartered in Ypsilanti. (ECF No. 1, PageID.21, ¶¶ 44–45). The airline is organized as a Michigan limited liability company and it operates its "maintenance,

1

repair, and overhaul facility" out of the Oscoda-Wurtsmith Airport in Iosco County.

Conrad Kalitta is the sole owner and CEO of Kalitta Air. (*Id.* at PageID.21, ¶ 44).

In October 2021, Kalitta Air required all of its employees to receive a COVID-19 vaccine. (*Id.* at PageID.25, ¶ 57). Following "tremendous internal resistance" from "half of its employees," Kalitta Air explained that its vaccine mandate was required by an Executive Order which "required all federal contractors (and their sub-contractors) to mandate COVID-19 vaccinations for their workforces." (*Id.* at PageID.25, ¶¶ 57–59). Believing that the Executive Order did not allow for religious or medical exemptions, the company warned its employees that anyone who requested an exemption from the mandate would "be placed on an unpaid leave . . . ." (*Id.* at PageID.26, ¶¶ 61–62) (emphasis removed).

A few days later, Conrad Kalitta sent a letter to every employee in which he explained that after consulting "with legal firms, White House officials, and lobbyists from Washington, DC," he learned that Kalitta Air could lose "federal contracts if it did not reach a 100% employee vaccination rate . . . ." (*Id.* at PageID.26–27, ¶¶ 57, 63). For that reason, Conrad Kalitta explained that "he was forced to make the decision to [require] absolute compliance." (*Id.*)

Every employee who requested a medical or religious exemption received an identical letter which purported to "approve[]" their accommodation. (*Id.* at PageID.27, ¶¶ 65–66). However, the letters went on to explain that these employees

would be required to take "an unpaid leave of absence," after which they would be terminated unless they "voluntarily" resigned.  (*Id.*)

A group of these employees filed this putative class action against Conrad Kalitta and Kalitta Air, alleging that the vaccine mandate violated the ADA and Title VII of the Civil Rights Act of 1964.  (ECF No. 1).  Conrad Kalitta moved to dismiss all claims against him, arguing that he was not the plaintiffs' "employer," and therefore could not be held liable under either Act.  (ECF No. 17).

### B.      Standard of Review

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6).  A complaint must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations.  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable";

3

however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).[1]

## C.    Analysis

Title I of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964 prohibit employers from discriminating against employees on the basis of disability and religion, respectively.  42 U.S.C. §§ 2000e-2(a)(1), 12112(a).  The Acts also require employers to provide employees with "reasonable accommodations" and they prohibit employers from retaliating against employees who enforce their rights under the Acts.  *Id.* §§ 2000e(j), 2000e-2(a)(2), 2000e-3(a), 12203(a), 12112(b)(5)(A).

But only employers—rather than supervisors or other employees—may be held individually liable for violating these provisions.  *Post v. Trinity Health-Michigan*, 44 F.4th 572, 578 (6th Cir. 2022) (citing *Hiler v. Brown*, 177 F.3d 542,

---

[1] Plaintiffs attach three exhibits to their response brief—Conrad Kalitta's letter regarding the vaccine mandate, the religious "exemption" letter, and the medical "exemption" letter. (ECF Nos. 27-4, 26-5, 26-6).  Generally, on a Rule 12(b)(6) motion, courts must assess "the facial sufficiency of the complaint . . . without resort to matters outside the pleadings." *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  However, courts may consider other items in the record "so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  That exception applies here.  Each exhibit is referenced throughout the complaint and each exhibit is "central" to the plaintiffs' claims.  But while it would be proper for the Court to consider these exhibits, it need not do so.  The exhibits do not provide any material facts that are not already discussed in the complaint, and for that reason, the consideration (or exclusion) of the exhibits would not affect the Court's disposition on this motion. *See Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

545–47 (6th Cir. 1999)); *Wathen v. General Elec. Co.*, 115 F.3d at 400, 405 (6th Cir. 1997); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 807 n.1 (6th Cir. 1999). Because Title VII and the ADA "define 'employer' essentially the same way" case law interpreting the term under one act applies equally to the other. *Wathen*, 115 F.3d at 404 n.6. Under both Acts, an employer is "a person engaged in an industry affecting commerce who has 15 or more employees for each working day . . . and any agent of such a person." 42 U.S.C. §§ 2000e(b), 12111(5)(A). An agent, in turn, is "an individual who serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Wathen*, 115 F.3d at 405 (internal quotation marks omitted). The statutes' reference to "agent[s]" of the employer does not "render the agents themselves liable." *Kelliher v. DXC Tech. Servs., LLC*, No. 19-13316, 2020 WL 12689446, at *2 (E.D. Mich. Oct. 29, 2020); *see also Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012). Rather, it "simply incorporates respondeat superior" principles "into the statute" so that employers may be held "responsible for their agents' wrongdoing . . . ." *Kelliher*, 2020 WL 12689446, at *2 (citing *Wathen*, 115 F.3d at 405).

Conrad Kalitta argues that all claims against him should be dismissed because he was not the plaintiffs' "employer." In response, Plaintiffs concede that Conrad cannot be held liable individually liable. (ECF No. 26-1, PageID.342, 348–49). And rightly so. Because "the law is clear that a supervisor cannot be held liable in his or

her individual capacity," Conrad cannot be held individually liable in his role as the

CEO of Kalitta Air.  *See Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 n.2

(6th Cir. 2001); *see also Wathen*, 115 F.3d at 405.  Nor does Conrad's ownership of

Kalitta Air render him an "employer."  Kallitta Air is a Michigan LLC, and under

Michigan law, an LLC is "an entity distinct and separate from its owners, even when

a single shareholder holds ownership of the entire" company.  *Salem Springs, LLC

v. Salem Twp.*, 312 Mich. App. 210, 222–23 (2015) (internal quotation marks

omitted).  Thus, Conrad's ownership of Kalitta Air does not make him the plaintiffs'

employer.[2]  In sum, only Kalitta Air, not Conrad, can be held liable under Title VII

and the ADA.

Still, Plaintiffs argue that they can retain Conrad as a defendant insofar as they

seek to hold him liable in his official capacity.  They explain that Conrad is the "alter

ego" of Kalitta Air because he "exercise[d] significant control over the plaintiffs'

hiring, firing, or conditions of employment."  (ECF No. 26-1, PageID.347–49)

(citations and internal quotation marks omitted).  Thus, Conrad is "an 'employer'

---

[2] Indeed, courts frequently hold that owners of business associations other than general partnerships cannot be held individually liable under Title VII or the ADA. *See, e.g.*, *Austin v. Alexander*, 439 F. Supp. 3d 1019, 1024 (M.D. Tenn. 2020); *Spencer v. Inn*, No. 4:18CV-00101-JHM, 2018 WL 4620982, at *3 (W.D. Ky. Sept. 28, 2018); *Wiliams v. Caton*, No. 2:14cv873, 2015 WL 5604639, at *3 (M.D. Ala. Sept. 23, 2015); *Bell v. Koerten*, No. 99 C 1040, 1999 WL 971282, at *1 (N.D. Ill. Oct. 21, 1999).

under Title VII [and the ADA]" and he may "be held liable in his official capacity .

. . ." (*Id.*)

However, the "alter ego" doctrine Plaintiffs describe is the actually the test for

determining whether an individual is an agent of an employer, not whether an

individual is the employer. *Compare Little*, 265 F.3d at 362 n.2 (citing *Sauers v.*

*Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993)), *with Wathen*, 115 F.3d at

405–06 (citing *Sauers*, 1 F.3d at 1125); *see also Kauffman v. Allied Signal, Inc.*, 970

F.2d 178, 183–85; *cf. Pettinato v. Prof'l Parent Care*, No. 16-cv-14419, at *3 (E.D.

Mich. July 10, 2017). [3]   And the Sixth Circuit has held that while employers may be

held vicariously liable for their agents' actions, agents are not "employers"

themselves, so they cannot be held individually liable.   *Kelliher*, 2020 WL

12689446, at *2 (citing *Wathen*, 115 F.3d at 405).

Despite labelling Conrad as an "employer," Plaintiffs appear to recognize that

Conrad is, at most, an agent.  Indeed, Plaintiffs concede that Conrad can only be

---

[3] The "alter ego" theory Plaintiffs refer to should not be confused with "alter ego" liability
as that term is understood in the corporate law context.  Plaintiffs borrow the term from
*Little*, where the Sixth Circuit used the term to describe vicarious liability for employers
under Title VII.  265 F.3d at 362 n.2.  However alter ego liability is also understood to
refer to a distinct theory under which courts may sometimes pierce the veil of corporations
and LLCs to hold their owners individually liable. *Precision, Inc. v. Kenco/Williams, Inc.*,
66 F. App'x 1, 4–5 (6th Cir. 2003).  Of course, by conceding that Conrad cannot be held
individually liable, Plaintiffs have forfeited any argument that Conrad can be held
personally liable as Kalitta Air's alter ego.  But even if they had raised such an argument,
Courts are generally unwilling to pierce the corporate veil in Title VII and ADA actions.
*See Dearth v. Collins*, 441 F.3d 931, 933–35 (11th Cir 2006); *Worth v. Tyler*, 276 F.3d
249, 261–62 (7th Cir. 2001).

sued in his in his official capacity, and it is unclear why Conrad could not be held individually liable if he was, in fact, the employer.  (ECF No. 26-1, PageID.342, 348–49).  So what Plaintiffs apparently mean to argue is that Conrad is an *agent* whose actions can be *attributed* to Kalitta Air.  (*See id.*)  Thus, he can be sued in his official capacity because official capacity suits are "only another way of pleading an action against an entity of which an officer is an agent."  *Grizzell v. City of Alexandria*, No. 14-50-DLB-JGW, 2015 WL 3463567, at *12 (E.D. Ky. June 1, 2015) (internal quotation marks omitted).

Plaintiffs are correct that Conrad can be sued in his official capacity.  First, Plaintiffs plausibly allege that Conrad is an agent of Kalitta Air.  They allege that Conrad was "the sole owner and chief executive officer of Kalitta Air" and that he "took personal responsibility for . . . Kalitta's handling of the vaccine mandate and the failure to provide employees with reasonable accommodations."  (ECF No. 1, PageID.21, ¶ 21).  They further allege that Conrad believed Kalitta Air could lose "federal contracts if it did not reach 100% vaccination" and that he therefore "decided to require" employees to receive vaccinations without allowing any accommodations or exemptions.  (*Id.* at PageID.26–27, 42, 48–49, 61, 65, ¶¶ 63, 111, 131–32, 174, 190).  Accordingly, I suggest that Plaintiffs plausibly allege that Conrad "exercise[d] significant control over the plaintiffs' hiring, firing, or

conditions of employment" and was therefore an agent of Kalitta Air for whom the company is vicariously liable.

Moreover, because Conrad is an agent of Kalitta air, he may be held liable in his official capacity.  True enough, Defendants' correctly note that the Sixth Circuit has not explicitly addressed whether "a supervisor may be held liable in his or her official capacity."  *Little*, 265 F.3d at 362 n.2.  But the Sixth Circuit has held that employers can be held liable for the actions of their supervisors (at least in cases where the employer is the named defendant).  *See Wathen*, 115 F.3d at 405–06.  And as Conrad recognizes, an official capacity suit is simply an action against the entity the named defendant represents.  (ECF No. 29, PageID.430); *see Mitchell v. Futijec America, Inc.*, 518 F. Supp. 3d 1073, 1101 (S.D. Ohio 2021).  So the undersigned sees no reason why the Sixth Circuit would not allow official capacity suits against agents of an employer.[4]

Nonetheless, Conrad argues that the Court should dismiss Plaintiffs' official capacity claims against him because they are redundant of Plaintiffs' claims against Kalitta Air.  (ECF No. 29, PageID.429–30).  Conrad is correct that the official

---

[4] For similar reasons, the court should reject Defendants' argument that Plaintiffs failed to plead an official capacity claim against Conrad. The complaint lists Conrad as a Defendant and describes the actions he took pertaining to the vaccination policy in his role as CEO, and each enumerated count, in addition to the prayer for relief, seeks damages against Kalitta Air—which is no different than seeking damages from Cnrad in his official capacity.  (ECF No. 1, PageID.1, 21, 26–27, 42, 48–49, 61, 65, 89–98, ¶¶ 45, 63, 111, 131–32, 174, 190, 272–318).

capacity claims are superfluous, and he accurately points out that many other courts dismiss official capacity claims against supervisors where an employer is already named as a defendant. *See, e.g.*, *Maudlin v. Inside Out Inc.*, 2014 WL 1342883, at *2–3, 2014 WL 1342883, at *8 (S.D. Ohio 2014). But redundancy is not a valid ground for dismissal—"Rule12(b)(6) only tests the validity of a claim, not its redundancy . . . ." *Nationwide General Contracting, LLC v. Scottsdale Ins. Co.*, No. 6:20-cv-1860, 2021 WL 8825348, at *1 (M.D. Fla. May 26, 2021) (internal quotation marks omitted); *see also Daymon Worldwide Inc. v. S.C. Johnson & Son Inc.*, No. C06-1322-JCC, 2007 WL 9776405, at *2 (W.D. Wash. Jan. 25, 2007).

Redundancy may, however, justify a motion to strike under Rule 12(f). *Daymon*, 2007 WL 9776405, at *2. Rule 12(f) permits courts to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). A Court may strike a pleading either "on its own" or on motion. Fed. R. Civ. P. 12(f)(1)–(2). This is a "drastic remedy" which courts should be hesitant to grant. *Hill v. Herbert*, No. 13-cv-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) (internal quotation marks omitted) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). While courts have "broad discretion" to strike pleadings, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (6th Cir. 2000); *Brown*, 201 F.2d at 822.

When a party identifies a redundant pleading, a court generally will not strike the pleading absent "a showing of prejudice to the moving party. *SEC v. Langford*, No. 8:12CV344, 2013 WL 3790965, at *4 (D. Neb. July 19, 2013); *see also* 5C Charles Alan Wright et al., Federal Practice and Procedure § 1382 (3d ed.).  But Conrad does not explain how he is prejudiced by remaining as a listed defendant in his official capacity.  In fact, all parties appear to understand that Conrad is only a nominal defendant—he is not individually liable and all claims against him in his official capacity are actually claims against Kalitta Air.  (*See* ECF No. 26-1, PageID.342, 348–49).  Accordingly, I suggest that the Court should neither dismiss nor strike Plaintiffs' official capacity claims against Conrad Kalitta.

### D. Conclusion

For these reasons, **I RECOMMEND** that this Court **GRANT** Defendants' motion to dismiss (ECF No. 17) **IN PART**.  Specifically, the Court should dismiss all individual capacity claims against Conrad Kalitta and allow all official capacity claims against Conrad Kalitta to proceed.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days

11

after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human

Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this R&R. *Willis v.

Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.

Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant

to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.

Any objection must recite precisely the provision of this R&R to which it pertains.

Not later than 14 days after service of an objection, the opposing party may file a

concise response proportionate to the objections in length and complexity. Fed. R.

Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to

Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that

any objections are without merit, it may rule without awaiting the response.

Date: March 6, 2023                          s/PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge