UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT W. ODELL JR. et al.,

    Plaintiffs,

v.

KALITTA AIR, LLC, and
CONRAD KALITTA in his official capacity,

    Defendants.
_____/

Case No. 1:22-cv-12290

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, PARTIALLY GRANTING SUMMARY JUDGMENT, DENYING DISCOVERY EXTENSION, AND DISMISSING TWO PLAINTIFFS**

Plaintiffs have objected to the magistrate judge's report recommending partial entry of summary judgment. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiffs' objections will be overruled because the magistrate judge's report shows no clear error.

**I.**

In this class action, 11 former employees are suing Defendants Kalitta Air and its owner, Conrad Kalitta, under Title VII and the ADA, alleging they (1) refused to grant religious or medical accommodations from a company-wide mandate requiring all employees to receive the COVID-19 vaccine and then (2) terminated their employment for requesting an accommodation. ECF No. 1.

In December 2022, Defendants filed a motion to dismiss under Civil Rule 12(b)(1), arguing the claims that the five plaintiffs who are pilots brought under Title VII and the ADA are preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, because they require an interpretation of the collective bargaining agreement between Kalitta Air and the Air Line Pilots

Association that is in effect from March 1, 2021, to March 1, 2025. ECF No. 19. The motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 32.

After the Parties completed briefing, Judge Morris notified them of her intent to construe the motion to dismiss as a motion for summary judgment because it raised a nonjurisdictional issue and relied on materials outside the complaint. ECF No. 34. Both sides were permitted to supplement their briefing or to seek additional time to conduct discovery for the motion. *Id.* at PageID.483. Defendants chose to rest on its initial briefing, but the pilot plaintiffs requested that Judge Morris defer consideration pending additional discovery. ECF Nos. 37; 38. Defendants opposed the pilot plaintiffs' motion and asked for a ruling on the motion for summary judgment. ECF No. 41.

On May 26, 2023, Judge Morris issued a report recommending that Defendants' motion for summary judgment be partially granted and that Plaintiffs' motion for additional discovery be denied. ECF No. 43. In sum, Judge Morris concluded all of the pilot plaintiffs' claims—except their retaliation claims—are preempted by the Railway Labor Act as "minor disputes." *Id.* Judge Morris provided 14 days to object, but only Plaintiffs did so. ECF No. 44. Defendants have therefore forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

**II.**

If the district court will affirm the magistrate judge's report then it may simply identify the parts of the record that it reviewed and state that it found no clear error. *E.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV-

01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying to same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

### III.

This Court has reviewed Plaintiffs' Complaint, ECF No. 1, Defendants' Motion to Dismiss, ECF No. 19, Plaintiffs' Response, ECF No. 27, Defendants' Reply, ECF No. 30, Plaintiffs' Motion to Conduct Additional Discovery, ECF No. 38, Defendants' Response, ECF No. 41, Plaintiffs' Reply, ECF No. 42, Judge Morris's Report and Recommendation, ECF No. 43, Plaintiffs' Objection, ECF No. 44, and all other applicable filings and law.

Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonably correct, that she applied to correct law, and that her legal reasoning is sound. That is, there is no clear error in the Magistrate Judge's recommendations (1) to enter summary judgment against Plaintiffs Webber, Hudnutt, Tougas, Galton, and McAllister on Counts I, III, and V; (2) to deny summary judgment against Plaintiffs Webber, Hudnutt, and Tougas on Counts II and IV; (3) to dismiss Plaintiffs Galton and McAllister from the case; or (4) to deny Plaintiff's motion for additional discovery. For these reasons, Plaintiffs' Objections will be overruled, and the Magistrate Judge's recommendations will be adopted.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 44, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 43, is **ADOPTED**.

Further, it is **ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that it seeks dismissal of Counts I, III, and V with respect to Plaintiffs Webber, Hudnutt, Tougas, Galton, and McAllister; it is **DENIED** in all other regards.

Further, it is **ORDERED** that Plaintiffs' Motion to Deny or Alternatively to Defer Consideration of Converted Motion, ECF No. 38, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs Galton and McAllister are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that the remaining claims are as follows:

| COUNT | REMAINING PLAINTIFFS |
|---|---|
| I: Title VII, 42 U.S.C. § 2000e *et seq.*, Religious Discrimination—Failure to Accommodate | Odell; Pingot; Kotula; Jones; Verlander; Robertson |
| II: Title VII, 42 U.S.C. § 2000e *et seq.*, Religious Discrimination—Retaliation | Odell; Pingot; Kotula; Verlander; Webber; Hudnutt |
| III: American With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Disability Discrimination—Failure to Accommodate | Jones |
| IV: American With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Disability Discrimination—Retaliation | Jones; Tougas |
| V: American With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Disability Discrimination—Perceived Disability | Odell; Pingot; Kotula; Jones; Verlander; Robertson |

Dated: June 20, 2023

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge